# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LEROY NOLAN, | : | CIVIL ACTION NO. |
| BOP Reg. No. 44063-019, | : | 1:13-CV-3630-RLV-JSA |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:93-CR-00121-RLV-JSA-6 |
| | : | |
| UNITED STATES OF AMERICA, | : | RULE 60(b)(4) MOTION |
|     Respondent. | : | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant has filed a Motion for Relief From Void Section 2255 Judgment. (Doc. 259). He seeks relief under Federal Rule of Civil Procedure 60(b)(4), claiming that this Court, in denying his 28 U.S.C. § 2255 motion on April 27, 2001 (Doc. 198), failed to address his claim of ineffective assistance of trial counsel. (Doc. 259 at 2-3). "If it plainly appears from [a § 2255] motion . . . and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), Rules Governing Section 2255 Proceedings for the U.S. District Courts. Because Movant's Rule 60(b)(4) motion is in reality a successive § 2255 motion, **IT IS RECOMMENDED** that it be **DISMISSED** under the authority of Rule 4(b).

AO 72A
(Rev.8/82)

I. **Movant's 28 U.S.C. § 2255 Motion and Related Pleadings**

Movant filed his § 2255 motion and supporting memorandum of law on June 16, 1998, raising the following six grounds for relief:

1. Whether or not appellate counsel was ineffective for not raising issues found in grounds II, III [and] III A of this [§ 2255] petition;

2. Whether or not the court violated the petitioner's due process/equal protection rights as proscribed [sic] by the 5th Amendment of the U.S. Constitution, by not complying with the Rules set out and mandated in Rule 32(c)(1) and 32(c)(3)(D) of the Federal Rules of Crim. Pro[c].;

3. Whether or not the prosecutor deprived the defendant of his due process by misleading the court during the most crucial part of the court's fact finding process;

4. Whether or not the government proved [by] a preponderance of the evidence that the petitioner should be attributed the 1,680.0 grams [of heroin] and did the court do an adequate [job], if any at all, [of] individualized/factual finding to accept that amount of drugs to sentence petitioner at sentencing;

5. Whether the district court was clearly erroneous in assessing petitioner with a four level enhancement as a supervisor, leader, organizer and manager [of] five or more participants, under U.S.S.G. § 3B1.1(a); and

6. [A catch-all claim to] preserve[] all issues that could have been raised or should have been raised but were not raised as a result[] of [Movant's] lack of understanding and/or knowledge of the Law and Procedure.

(Doc. 187 at 5-7; *see* Doc. 187-1 (Mem. Of Law) at viii-ix).

In September 1998, Movant filed an Addendum to 2255 Motion (Doc. 189), adding a seventh ground for relief by claiming that "he was unconstitutionally deprive[d] of his right to a fair trial and Due Process, when the Government impeded, obstructed, and/or impaired his ability to put on a complete line of defense through his alleged co-defendants" (*id.* at 2). In May 1999, he filed his Opposition To Government's Response To Petitioner's Motion To Vacate (Doc. 196), in which he complained that his appellate counsel omitted drug quantity arguments on appeal (*id.* at 1-2), although he did not allege any trial counsel error. In August 2000, he filed a Motion To Amend/Supplement His Motion To Vacate Under 28 U.S.C. § 2255 In Light Of Supreme Court's Recent Decisions In Apprendi V. New Jersey And Jones V. United States (Doc. 197), in which he noted, *inter alia,* that "[a]t his sentencing hearing, [he] disputed [through trial counsel] the presentence report's drug quantity calculation" (*id.* at 1).

## II.  **The Rule 60(b)(4) Motion**

In his Rule 60(b)(4) motion, for which he contends there is no time limit, Movant challenges this Court's April 2001 judgment denying his § 2255 motion. (Doc. 259 at 2, 4-5). He asserts that the judgment at issue is void because this Court

3

failed to address his § 2255 claim of ineffective assistance of trial counsel. He acknowledges that the claim was not stated explicitly in his § 2255 pleadings, but argues that it was implied on pages 15 and 16 of his 53-page supporting memorandum of law and in a June 5, 1998 letter from his appellate counsel, which he alleges he attached to the memorandum, although the case record does not reflect that he did so. (*Id.* at 4, 5-6; *see id.* at 10-12 (letter); *see also* Doc. 187-1).

Movant states that although his trial counsel "objected to the 'unreliability' of the presentence report's finding of 2,034.413 grams of heroin, counsel failed to specify the proper drug quantity, which was 335.53 grams." (Doc. 259 at 2). He argues that a liberal construction of his *pro se* § 2255 motion plainly reveals that "he raised claims of ineffective assistance relating to both trial and appellate counsel. Indeed, on pages 15 and 16 [of his Mem. of Law], in the context of sentencing errors dealing with the drug quantity assigned to him, [he] specifically cites trial counsel's performance at sentencing." (*Id.* at 6). Movant notes that the June 5, 1998 letter from his appellate counsel "stated that 'prior counsel failed to (i) specifically state why [PSR drug quantity] w[as] unreliable, and (ii) argue as to the proper drug quantity.' " (*Id.* at 7; *see id.* at 11). In the letter, appellate counsel advised Movant that should he choose to file a § 2255 motion, he should "be sure to present an offer of proof regarding the

4

unreliability issue. Your sentencing attorney never provided same." (*Id.* at 7, 11).

### III. Discussion

#### A. The Legal Framework

A federal prisoner whose prior § 2255 motion was denied on the merits may not pursue relief under § 2255 again in a federal district court without first obtaining authorization from the appropriate court of appeals. *See* 28 U.S.C. §§ 2244(b), 2255(h); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999) (noting that when prior habeas petition has been dismissed with prejudice, subsequent petition is second or successive); *see also Campbell v. Sec'y for the Dep't of Corr.*, 370 Fed. Appx. 5, 8 n.2 (11th Cir. 2010) (same).[1] "Where, in a purported Rule 60(b) motion, a defendant challenges the validity of his conviction by seeking to add a new ground for relief or attacking a district court's previous resolution of a claim on the merits, the motion is properly construed as a second or successive 28 U.S.C. § 2255 motion." *United States v. Lockhart*, 482 Fed. Appx. 473, 474 (11th Cir. 2012) (citing *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007)).

---

[1] For most purposes, including this one, courts in this Circuit apply the same standards to both § 2254 habeas petitions and § 2255 motions to vacate. *See Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) (noting that "principles developed in habeas cases also apply to § 2255 motions"); *see also Galatolo v. United States*, 394 Fed. Appx. 670, 672 n.1 (11th Cir. 2010) (same, citing *Gay*).

5

Federal Rule of Civil Procedure 60(b) allows for relief from a judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "Rule 60(b)(4) applies only where: (1) the court that rendered judgment lacked even an 'arguable basis' for exercising jurisdiction; or (2) the judgment was premised on a due process violation that deprived a party of notice or the opportunity to be heard." *Pierce v. Kyle*, No. 12-15675, 2013 U.S. App. LEXIS 17589, at *3, 5 (11th Cir. Aug. 22, 2013) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010), and affirming denial of Rule 60(b)(4) motion in part because appellant "waited more than a year before . . . [filing his] Rule 60(b) motion, even though he was aware of the district court's dismissal of his complaint at the time the court issued its ruling[,] . . . . [so that g]iven his lack of diligence in filing the motion and his failure to provide an explanation for the delay, [he] has not demonstrated that his motion was filed within a reasonable time"); *but see Hertz Corp. v. Alamo Rent-A-Car*, 16 F.3d 1126, 1130 (11th Cir. 1994) (citing ample precedent to the effect that "the time within which a Rule 60(b)(4) motion may be brought is not constrained by reasonableness"); *Harris v. Corr. Corp. of Am.*, No. 13-10214, 2013

6

U.S. App. LEXIS 24011, at *3 (11th Cir. Dec. 3, 2013) (" 'Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction . . . or if it acted in a manner inconsistent with due process of law.' " (quoting *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001))).

### B. Analysis

Movant's Rule 60(b)(4) motion fails to qualify under either of the very narrow *Espinosa* standards—this Court's jurisdiction to render judgment on Movant's § 2255 motion is undisputed, and Movant of course had notice and an opportunity to be heard because he initiated the § 2255 action. *See Espinosa*, 559 U.S. at 272 ("Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (internal quotations omitted)).

Even if Movant's motion qualified as a Rule 60(b)(4) motion under the more forgiving standard noted in *Harris,* based on a district court's having "acted in a manner inconsistent with due process," 2013 U.S. App. LEXIS 24011 at *3, the motion fails on its merits. An examination of pages 15 and 16 of Movant's § 2255 supporting memorandum of law reveals that although he mentioned at several points in his argument trial counsel's performance at sentencing, he did not allege that

counsel's performance was deficient. To the contrary, he noted in support of his claim alleging that this Court violated his rights under the Federal Rules of Criminal Procedure that trial counsel "made objection to the drug quantity assessment introduced by the probation officer," "made objection to this alleged drug quantity [151.2 grams] and others," and "specifically objected to the calculation of 1,680 grams, the 201.6 grams, and the 151.2 grams." (Doc. 187-1 at 15).

Further, even if Movant did attach to his § 2255 supporting memorandum the June 5, 1998 letter from his appellate counsel, the letter hardly constituted a claim of ineffective assistance of trial counsel such that this Court's failure to address it violated Movant's due process rights. In his letter to Movant, appellate counsel noted that there was no evidence that this Court clearly erred in its drug quantity findings because "given the case law on 'foreseeability' and the evidence [of Movant's drug-related activities], there did exist reasonable grounds to accept these quantities." (Doc. 259 at 11). The closest the letter came to "stating" a claim of ineffective assistance of trial counsel was appellate counsel's advice to Movant: "You may wish to examine any ineffectiveness from sentencing counsel's point of view and [his] failure to offer proof of his open-ended comment [about] 'unreliability.' " (*Id.*). This statement was insufficient to put the Court on notice that Movant had raised a claim of ineffective

8

assistance of trial counsel.

In short, because Movant attempts to raise via his Rule 60(b)(4) motion a claim of ineffective assistance of trial counsel that he did not raise in his original § 2255 motion and supplemental pleadings, his Rule 60(b)(4) motion is in reality a second or successive § 2255 motion. As there is no indication in the record that Movant has obtained authorization from the Eleventh Circuit to file a successive § 2255 motion, the motion must be dismissed for lack of jurisdiction. *See* 28 U.S.C. §§ 2244(b), 2255(h); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

### IV. Certificate of Appealability

A federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (internal quotations omitted).

9

Because Movant has not made the requisite showing, a certificate of appealability should not issue in this matter.

**V.     Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DISMISS** Movant's Motion For Relief From Void Section 2255 Judgment (Doc. 259), construed as a successive § 2255 motion, and **DENY** him a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 13th day of December, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE